USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 
 

No. 97-1248

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 BENJAMIN DUARTE,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Patti B. Saris, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Coffin and Campbell, Senior Circuit Judges.
 
 

 Robert J. Iacovelli for appellant.
 Alexandra Leake, Assistant United States Attorney, with whom
Donald K. Stern, United States Attorney, and Sheila W. Sawyer,
Assistant United States Attorney, were on brief for appellee.

 
 
 November 19, 1998
 
 
 
 
 

 Per Curiam. Defendant-appellant Benjamin Duarte seeks
reversal of his criminal conviction for being a felon in possession
of a firearm and ammunition, see 18 U.S.C. 922(g)(1), based on an
alleged violation of his Fifth Amendment right against self-
incrimination. He claims that the district court improperly
admitted into evidence his responses to employment questions asked
when he was booked. We find no error and therefore affirm.
 Duarte was arrested after the car he was driving was
stopped by police officers, initially for traffic violations. The
officers testified that they saw two objects that turned out to be
firearms thrown from the windows of the vehicle shortly before it
stopped. Duarte and his passenger were arrested and placed in
patrol cars to be transported to the police station. Mirandawarnings were read to Duarte twice: once after he was placed in
the police cruiser and again at the police station before he was
asked a series of questions from a standard police booking form. 
The questions included one asking his occupation and another asking
his employer. Duarte responded that he was unemployed.
 Duarte later sought suppression of his responses to the
booking questions about his employment status, claiming that the
booking procedure created an "inherently coercive environment" that
rendered his statements involuntary and, therefore, inadmissible. 
The district court found no Fifth Amendment violation, concluding
that the employment status questions were not designed to elicit
incriminating responses from Duarte and consequently fell within an
exception to the Miranda rule for "routine booking questions." SeePennsylvania v. Muniz, 496 U.S. 582, 600-602 (1990). The court
also ruled that the New Bedford police had fully protected Duarte's
Fifth Amendment rights by giving Miranda warnings twice following
his arrest, including once shortly before posing the challenged
questions.
 We have no difficulty in concluding that the district
court properly found no constitutional violation. The cases on
which Duarte relies to demonstrate that standard booking questions
can trigger a Fifth Amendment claim all involve instances in which
no Miranda warnings were given. See Muniz, 496 U.S. at 600-02;
United States v. Doe, 878 F.2d 1546, 1550-52 (lst Cir. 1989);
United States v. Gill, 879 F. Supp. 149, 152 (D. Me. 1995). Where,
as here, the coercion inherent in custodial interrogation is
dissipated by proper administration of the warnings, see Mirandav. Arizona, 384 U.S. 436, 469 (1966), a defendant challenging
admission of statements made subsequent to the warnings must point
to evidence tending to show that his statements nonetheless were
"coerced, compelled or involuntary." United States v. Lawrence, 889
F.2d 1187, 1189 (lst Cir. 1989); see, e.g., United States v.
Jackson, 918 F.2d 236, 241 (lst Cir. 1990) (totality of the
circumstances must be examined to determine voluntariness of an
admission). Duarte offers no facts suggesting that the booking
procedure was other than routine or that the officers used unusual
pressure or pressure of any sort, for that matter to elicit
responses to the questions about his employment status. Cf.Lawrence, 889 F.2d at 1190 (describing cases in which confessions
were found to be voluntary despite circumstances suggestive of
coercion); Bryant v. Vose, 785 F.2d 364, 368 & n.4 (lst Cir. 1986)
(noting cases in which promises of leniency or other sorts of
mental pressure were found to undermine voluntariness of a
confession). Defendant's claim of a Fifth Amendment violation is
therefore without merit.
 Having determined that the Miranda procedures provided
full protection in this instance for Duarte's Fifth Amendment
rights, we need not decide whether the challenged evidence also was
admissible because the employment questions fell within the
exception to the Miranda rule for questioning that is designed to
obtain only routine booking information. See Muniz, 496 U.S. at
601. A quick review of the record and caselaw indicate, however,
that the exception would apply. See United States v. Gotchis, 803
F.2d 74, 78-79 (2d Cir. 1986) (routine questions about employment
do not require Miranda warnings).
 The judgment of the district court is affirmed.